UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE JESUS GUTIERREZ VASQUEZ,

    Petitioner,

    v.

MICHAEL CHERTOFF, Secretary of Homeland Security, et al.,

    Respondents.

_____/

No. C 06-6664 PJH

**ORDER TO SHOW CAUSE**

    Petitioner Jose Jesus Gutierrez Vasquez, ("petitioner"), presently in the custody of the Department of Homeland Security, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 et seq.

**BACKGROUND**

    Petitioner, a native of Mexico, entered the United States in 1988. He is married to a U.S. citizen and has four U.S. citizen children. On January 27, 2003, an immigration judge ("IJ") denied petitioner's application for cancellation of removal pursuant to 8 U.S.C. § 1229b(b) and ordered removal. Petitioner then appealed the IJ's denial to the Board of Immigration Appeals ("BIA"), and additionally filed a motion to remand his case to permit him to adjust status pursuant to 8 U.S.C. § 1255(i). On May 18, 2004, the BIA affirmed the IJ's ruling denying cancellation of removal, and denied petitioner's subsequent motion to remand the case.

    Petitioner next sought review of the BIA's decision by filing a petition for review – via his counsel – in the Ninth Circuit Court of Appeals. However, petitioner's counsel filed the petition for review in an untimely manner, and on April 19, 2005, the Ninth Circuit dismissed petitioner's case for failure to file an opening brief. Notwithstanding, approximately one month later, the Ninth Circuit granted petitioner's motion to reinstate his petition for review, and that petition is currently pending before the Ninth Circuit.

**DISCUSSION**

A.   Standard of Review

This court may entertain a petition for a writ of habeas corpus on behalf of a person "challenging executive detention," on grounds that such person is "in custody in violation of the Constitution or laws or treaties of the United States." See 28 U.S.C. § 2241 et seq.; Dearinger v. Reno, 232 F.3d 1042, 1044 (9th Cir. 2000).

It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. at § 2243.

B.   Legal Claims

As grounds for federal habeas relief, petitioner asserts: (1) that his counsel deprived him of his Fifth Amendment due process rights guaranteeing him effective assistance of counsel, by failing to file a timely petition for review before the Ninth Circuit; and (2) that, in the event judicial review of petitioner's removal order is denied, such denial violates petitioner's Fifth Amendment due process rights, and the Suspension Clause of the federal constitution.

The court questions, however, whether petitioner's claims are cognizable claims for federal habeas relief. As petitioner tacitly acknowledges in his federal habeas petition, the REAL ID Act, which became effective on May 11, 2005, eliminated district court habeas corpus jurisdiction over orders of removal and vested jurisdiction to review such orders exclusively in the courts of appeals. See 8 U.S.C. § 1252(a)(5); Puri v. Gonzales, 464 F.3d 1038, 1041 (9th Cir. 2006)(affirming district court dismissal of habeas petition seeking review of deportation order). And to the extent that petitioner seeks to avoid the REAL ID Act's proscriptions by challenging the Act as violative of the federal constitution and in particular the Suspension Clause, this issue appears to have been answered in the negative by the Ninth Circuit. See Puri, 464 F.3d at 1041-42 ("[w]e hold that the Suspension Clause is not violated by judicial review by [the Ninth Circuit] of petitioner's

1 constitutional challenges to his removal order...").

2 Accordingly, depending on whether these interpretations of the law are to be
3 credited in this case, and whether, if so, any exceptions apply or can be stated by
4 petitioner, this court may be without jurisdiction to hear petitioner's claims, and the petition
5 may or may not be barred.

6 Both petitioner and respondent should address these issues in their responsive
7 papers.

## CONCLUSION

9 For the foregoing reasons and for good cause shown,

10 1. The clerk shall serve by regular mail a copy of this order and the petition on
11 respondent, the Attorney General, and on the officer or employee of the Service in charge
12 of the Service district in which the final order of removal under 8 U.S.C. § 1229a was
13 entered. The clerk shall also serve a copy of this order on petitioner and petitioner's
14 counsel.

15 2. Rather than an answer going to the merits, respondent shall file with the court
16 and serve on petitioner a brief, or a motion to dismiss if respondent desires, addressing the
17 jurisdictional and cognizability issues, including but not limited to the discussion set forth
18 above, within thirty days of the entry of this order.

19 3. If the petitioner wishes to respond, he shall do so by filing a response with the
20 court and serving it on respondent within 14 days of his receipt of respondent's brief or
21 motion.

22 4. Respondent's reply, if any, is due within 7 days of his receipt of petitioner's
23 response.

24 **IT IS SO ORDERED.**

25 Dated: April 24, 2007

26 _____
PHYLLIS J. HAMILTON
United States District Judge

3